**UNITED STATES of America, Appellee,**

v.

**Sheree CARWELL, Appellant.**

**No. 90–1688.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1990.

Decided July 17, 1991.

Rehearing Denied Aug. 15, 1991.

James J. Knappenberger, Clayton, Mo., argued; Charles M. Shaw, on the brief.

John E. Hall, St. Louis, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and ROSENBAUM,[*] District Judge.

BEAM, Circuit Judge.

Sheree Carwell was convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (1988). She appeals from her conviction, claiming, *inter alia*, that there was insufficient evidence to convict her of possession of the cocaine found at her brother-in-law's apartment. We affirm.

I. BACKGROUND

On May 19, 1989, law enforcement officers, as part of a drug investigation, searched four locations in the St. Louis area. Two of the places searched were Carwell's home, at 4721 Seattle, and the apartment of Carwell's brother-in-law, at 7821A Minnesota. At Carwell's house, officers found, among other items, two bags containing a total of 27.93 grams of cocaine. At the apartment of Carwell's brother-in-law, officers found, among other items, twelve bags containing, collectively,

[*] The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

336.38 grams of cocaine and three pop bottles containing a total of 677.93 grams of phencyclidine (PCP). Carwell was arrested and indicted for possession of cocaine with intent to distribute. She received a jury trial in early 1990. (Carwell's brother-in-law was indicted for possession of PCP with intent to distribute and pleaded guilty.)

At Carwell's trial, two law enforcement officers, Sam Simon and Sam Zouglas, testified that they interviewed Carwell shortly after her arrest. According to Zouglas's testimony, Carwell stated in the interview that she owned all of the cocaine found in her house and in her brother-in-law's apartment. Trial Transcript vol. II, at 168. According to Simon's testimony, Carwell said that " '[t]he cocaine was hers' " but she did not distinguish between the cocaine found at her house and the cocaine found at her brother-in-law's apartment. *Id.* at 89, 106–08. Carwell testified that she did not make any statement or confession. *Id.* vol. III, at 60–61. At the conclusion of a four-day trial, the jury found Carwell guilty of possessing, with intent to distribute, the cocaine found at her house and the cocaine found at her brother-in-law's apartment.[1] The district court sentenced Carwell to fifty-five months in prison.

## II. DISCUSSION

■ Under our standard of review for sufficiency of the evidence, we do not judge the credibility of witnesses. We also view the evidence in the light most favorable to the government and grant the government all reasonable inferences that support the jury's verdict. *United States v. Williams*, 897 F.2d 1430, 1432 (8th Cir. 1990). The evidence as a whole, of course, must establish all the elements of the crime.

■ Under this standard, we must assume that the testimony of Officers Simon and Zouglas is true and that Carwell admitted that she owned all of the cocaine, including the large amount found at her brother-in-law's apartment. Carwell's conviction, however, cannot rest solely on an uncorroborated confession. It must be supported by substantial, independent evidence establishing the truthfulness of her statement. *Opper v. United States*, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954); *United States v. Todd*, 657 F.2d 212, 216 (8th Cir.1981), *cert. denied*, 455 U.S. 926, 102 S.Ct. 1288, 71 L.Ed.2d 469 (1982). Carwell does not dispute these principles of law, but instead argues that there is insufficient evidence to corroborate her confession. We disagree.

Testimony at trial established that the amount of cocaine found at 7821A Minnesota was of a high purity and a large enough quantity for distribution (its street value was estimated at $60,000). Trial Transcript vol. II, at 94–98. There was also substantial evidence at trial tending to establish that Carwell was involved in the distribution of cocaine. Along with the relatively small amount of cocaine found in her house, law enforcement officers also found about $9,000 cash in a woman's purse and, in a filing cabinet in the basement, 224.88 grams of marijuana, a triple-beam scale, razor blades, and plastic baggies. *Id.* at 62–63, 74–75. The evidence at trial also showed that Carwell's assets and expenditures far exceeded her income. Carwell's tax forms for 1987 and 1988 showed a joint annual income, for Carwell and her husband, of approximately $12,000. *Id.* vol. III, at 72–73. Yet, Carwell deposited over $35,000 into her checking account during 1988; had over $25,000 in a savings account at the time of her arrest; paid $7,000 cash to purchase an apartment at 5950 Cote Brillante in St. Louis; invested $3,500 in opening up a small store; purchased two automobiles with her husband, each costing at least $22,000, just a few weeks before her arrest; and owned a $1,400 mobile telephone. *Id.* at 51–52, 69–70, 70–71, 79–81. In addition, Carwell had $551 cash on her when arrested. *Id.* vol.

---

1. Carwell suggests in her brief that she was only convicted for the cocaine found at her brother-in-law's apartment. *See* Brief for Appellant at 10. The trial record shows otherwise. The verdict form returned by the jury, for example, clearly states that she was convicted for both quantities.

II, at 41. Carwell testified at trial that she received $7,000 cash from her father to purchase the apartment and that her other large amounts of income came from gambling and her store (none of these explanations were substantiated and, in fact, the latter was flatly contradicted by financial records). *Id.* vol. III, at 42, 71–72, 74–78.

Furthermore, Carwell's presence at 7821A Minnesota, prior to the search, was established by the testimony of officers who conducted surveillance of the apartment. One officer testified that on the same day the apartment was searched, he saw Carwell and three unidentified males enter the building and then leave after five or ten minutes. *Id.* vol. II, at 9–14. Another officer testified that on May 9 and 10 he saw Carwell entering and leaving the building at 7821A Minnesota, carrying packages back and forth from her home and business. *Id.* at 159–61. Testimony also established that it is common for drug dealers to constantly move their drugs to different locations. *Id.* at 100–01. In all, considerable independent evidence existed to support the truthfulness of Carwell's confession.[2]

## III. CONCLUSION

For the reasons stated the conviction is affirmed.

---

**2.** In addition to the issue discussed above, Carwell also argues that the district court erred in not providing a two-point reduction for acceptance of responsibility, under section 3E1.1 of the guidelines, and that section 3E1.1 unconstitutionally penalized her for exercising her right to a trial. There is no merit to these arguments. The district court did not abuse its discretion in failing to award Carwell with a two-point reduction and section 3E1.1 has already passed a constitutional review along the lines of her objections. *See United States v. Young,* 875 F.2d 1357, 1360–61 (8th Cir.1989) (section 3E1.1 "authorizes reductions in sentences of defendants who are tried as well as those who plead guilty").